day, in that event I would ship him the shoes back, but if I continued the business I would still keep them; on Monday morning I wrote him that I had concluded to try and carry on the business, and therefore declined to ship him the goods; they still hold the notes I gave, except a $100 note.

Burnett testified: Was not acting as attorney for Baldwin, but was representing other claims against the defendant; he paid Baldwin $100 in money, and turned over the shoes in settlement of the balance of the account; Baldwin wanted to box and ship them that day, but defendant said that would embarrass him, and he promised Baldwin, if he would go home, that he would box them that night and ship them; I had drawn an attachment, and would have levied it on the shoes but for this agreement; there was nothing conditional upon defendant's making an assignment; he agreed straight out to rescind the sale and return the goods to Baldwin.

JOHN C. HART and W. O. MITCHELL, for plaintiff in error.

H. T. LEWIS, H. M. HOLDEN and T. S. MELL, *contra.*

---

BELL *v.* HERNDON.

This case being one which was pending in the superior court when the act of November 12th, 1889, (pamphlet p. 83) was passed, the limitation of thirty days from the trial prescribed by that act for making motions for new trials and filing briefs of evidence, does not apply to the same. Such was the ruling of a majority of the court in *Smith v. Davis*, 85 *Ga.* 625, which is now affirmed by a full bench.     *Judgment reversed.*

May 27, 1892.

New trial. Practice. Before Judge McWHORTER. Elbert superior court. September term, 1891.

The motion for a new trial was dismissed on the ground that it was not made or filed within thirty days

from the date of the trial, and upon this ruling error is assigned. The suit was commenced on February 22, 1887; the case was tried at the September term, 1891, on September 14; on September 19 the court, by proper order, took a recess until the second Monday in December; the motion for a new trial was presented, served and filed on December 17, during the term of the court.

McCurry & Proffitt, for plaintiff.

J. N. Worley, for defendant.

---

## SEYMORE *v*. RICE.

The motion for a new trial, besides containing the usual grounds that the verdict is contrary to law and the evidence, embracing the special ground of newly discovered evidence, the evidence adduced at the trial being conflicting, and the affidavits submitted in support of this latter ground of the motion not being sent up in the record brought to this court, it does not affirmatively appear that there was any abuse of discretion by the trial judge in granting a first new trial.                              *Judgment affirmed.*
May 27, 1892.

New trial. Evidence. Before Judge McWhorter. Hart superior court. September term, 1891.

The action was by Seymore against Rice to recover a portion of the price paid by the plaintiff to the defendant for land, because of an alleged shortage in the amount of it. The issue was as to whether the contract between the parties was for the sale of the land at a certain price per acre, or as a whole for a certain price provided the tract contained a certain number of acres, or whether the contract was for the sale of the land as a whole at an agreed price; it being alleged by the plaintiff and denied by the defendant that the former bought in reliance upon the representations of the latter that the tract contained one hundred and seventy acres. The suit was commenced on December 30, 1890. The ver-